IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 16-cv-03056-RM-GPG

Brad Lamb

Plaintiff,

v.

MONTROSE COUNTY SHERIFF'S OFFICE; SHERIFF RICK DUNLAP, In His Individual and Official Capacities; and DEPUTY JASON GRUNDY, In His Individual and Official Capacities.

Defendant.

---

**Plaintiff's Unopposed Motion for Relief from Cost Judgment Pursuant to Fed.R.Civ.P. 60(b)(5)**

---

The plaintiff, by and through his attorneys of record, Killian, Davis, Richter & Kraniak, PC, hereby submit this Unopposed Motion for Relief from Cost Judgment Pursuant to Fed.R.Civ.P. 60(b)(5), and in support thereof states as follows:

### CERTIFICATION OF CONFERRAL

Undersigned counsel has conferred with counsel for the Defendants. Counsel for the Defendants does not object this motion.

### MOTION

On July 3, 2019, this Court entered a final judgment for Defendants in this matter. On August 14, 2019, the clerk taxed costs in the amount of $4,981.80 against plaintiff Brad Lamb. Lamb appealed the judgment, but it was affirmed by the court of appeals on February 17, 2022.

After the Tenth Circuit issued its opinion, but before the time for filing a petition for rehearing expired, Lamb offered to forego any request for rehearing and a petition for certiorari if Defendants agreed to waive their costs. **Exhibit 1**, Letter of Feb. 23, 2022. Defendants accepted this offer by email. **Exhibit 2**, Email of Feb. 24, 2022.

Based upon the settlement agreement waiving costs, Lamb requests relief from the cost judgment. Fed.R.Civ.P. 60(b)(5). The rules provide that "On motion...the court may relieve a party...from a final judgment, order, or proceeding" because "the judgment has been satisfied, released, or discharged...." Fed.R.Civ.P. 60(b)(5); *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 (11th Cir. 2009). There is no specific time limit on a Rule 60(b)(5) motion. *Sunderland v. Philadelphia*, 575 F.2d 1089, 1090 (3rd Cir. 1978).

The Court may relieve a party from judgment where the debt has been paid, in whole or in part. *AIG*, 579 F.3d at 1272; *Sunderland*, 575 F.2d at 1090-1091. While the court has considerable discretion in ruling on such motion, it cannot require two satisfactions of the judgment. *Sunderland*, 575 F.2d at 1090-1091.

The settlement agreement between Lamb and Defendants constitutes either a release or satisfaction of the judgment, or both. A release is a "Liberation from an obligation, duty or demand; the act of giving up a right or claim to the person against whom it could have been enforced." Black's Law Dictionary (7th Ed. 1999), p.1292. Also "a written discharge, acquittance, or receipt." *Id.* By the agreement, Lamb was liberated from the obligation to pay costs, and Defendants' right to claim costs was given up to Lamb in exchange for his ceasing litigation. Further, the exchange of correspondence constitutes a written discharge of the debt.

As such, the settlement agreement constitutes a release of the cost judgment, warranting relief under Rule 60(b)(5).

The settlement agreement also constitutes satisfaction of the cost judgment. Satisfaction is "The giving of something with the intention, express or implied, that it is to extinguish some existing legal or moral obligation." Black's Law Dictionary, p.1343. "Satisfaction differs from performance because it is always something given as a substitute or equivalence of something else...." *Id.* Here, Lamb gave up his right to seek rehearing and to petition for certiorari in order to extinguish his legal obligation to pay costs. And Defendants accepted this. As such, the settlement agreement constitutes satisfaction of the costs.

Because the settlement agreement constitutes a release or satisfaction of the cost judgment, Fed.R.Civ.P. 60(b)(5) relief is appropriate. AS *Sunderland* noted, Lamb cannot be required to satisfy the judgment twice. Therefore, the Court should relieve Lamb from the taxing of costs by vacating the cost judgment entered by the clerk.[1]

RESPECTFULLY SUBMITTED this 11th day of April, 2022

/s/*Damon Davis*
Damon Davis
Killian, Davis, Richter & Kraniak, PC
202 North Seventh Street
Grand Junction, CO 81501
Telephone: (970) 241-0707
FAX: (970) 242-8375
E-mail:  damon@killianlaw.com
Attorney for Plaintiffs
Brad Lamb

---

[1] In the alternative, the Court could order that the clerk enter a satisfaction of the cost judgment showing that it has been extinguished.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on 11th of April, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

jdriscoll-law@outlook.com

and, I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Brad Lamb                                             *via email*
1104 Mastiff Cv
Round Rock, TX 78664

/s/*Damon Davis*
Damon Davis
Attorney for Plaintiffs
Killian, Davis, Richter & Kraniak, PC
202 North Seventh Street
Grand Junction, CO 81501
Telephone: (970) 241-0707
Fax: (970) 242-8375
E-mail: damon@killianlaw.com